IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE WIESZALSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:12-cv-733-MEF |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Upon consideration of the proceedings in this matter, the Court concludes that Plaintiff's claims against the Commissioner of Social Security ("Commissioner") are due to be dismissed without prejudice due to Plaintiff's failure to prosecute this action.  Plaintiff, proceeding *pro se*, commenced this action on August 24, 2012, seeking review of a final decision of the Commissioner.  (Doc. # 1.) The Magistrate Judge to whom the case was assigned entered a scheduling order governing the proceedings.  The order required that the Commissioner file an answer and that, within forty days thereafter, Plaintiff file a brief identifying the issues the Plaintiff presents to the Court for resolution.  The Commissioner's obligation to file the certified record of the administrative proceedings and a brief responding to Plaintiff's contentions is triggered by the filing of Plaintiff's brief.  (Doc. # 3.)

The Commissioner filed her answer on December 28, 2012.  (Doc. # 9.)  Thus, Plaintiff's brief in support of his complaint was due on or before January 6, 2013.  Plaintiff failed to file the required brief before the deadline and has not—in the fourteen months since

that date—sought an extension of time or otherwise contacted the Court.  On February 19, 2014, the Magistrate Judge directed Plaintiff to show cause, in writing, why this action should not be dismissed due to Plaintiff's failure to prosecute the action by filing a brief in support of his claims, as previously ordered.  (Doc. # 14.)  The Clerk mailed the show cause order to Plaintiff's address of record, but the United States Postal Service returned it with the notation, "Forward Time Expired, Returned to Sender."  The deadline for Plaintiff's response to the show cause order has now passed.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  "Despite the plain language of Rule 41(b) indicating that a defendant may move for dismissal, a district court may *sua sponte* dismiss a complaint under the authority of either (1) Rule 41(b) or (2) the court's inherent power to manage its docket."  *Fequiere v. Alabama State University*, ___ Fed. App'x ___, 2014 WL 868053, at *1 (11th Cir. Mar. 6, 2014) (unpublished opinion) (citing *Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337–38 (11th Cir. 2005)).  A district court may dismiss a case for failure to prosecute only "as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice."  *World Thrust Films, Inc. v. Int'l Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995).  "Dismissal for disregard of a court order is generally not an abuse of discretion."  *Thomas v. Bank of America, N.A.*, ___ Fed. App'x ___, 2014 WL 657830, at *2 (11th Cir. Feb. 21,

2014) (affirming dismissal due to plaintiff's failure to comply with court order to serve defendants at a particular address).

In the absence of any explanation by Plaintiff, the Court concludes that he has engaged in a clear pattern of delay or willful contempt, evidenced by his failure to comply with the orders of this Court. The Court's docket gives no indication that Plaintiff failed to receive the initial procedural order that directed him to file a brief in support of his complaint, nor does it suggest any reason for Plaintiff's noncompliance. The Court's show cause order gave Plaintiff notice that the Court contemplated dismissing this action due to his failure to prosecute it and directed him to file a written response. Although the Court acknowledges the likelihood that Plaintiff is unaware of the show cause order, Plaintiff's failure to receive that written order is a direct result of his failure to notify the Court of his current mailing address.

Upon consideration of the proceedings in this matter, the Court finds that dismissal without prejudice is the least severe sanction that will remedy Plaintiff's inaction in the present case.[1] The Court has contemplated lesser sanctions and concludes that there are no

---

[1] Although the civil action filing deadline has expired, a dismissal without prejudice does not have the same effect as a dismissal with prejudice in this case because the sixty-day period for filing a civil action seeking review of a final decision of the Commissioner is not absolute. *See* 42 U.S.C. § 405(g) (allowing commencement of a civil action "within sixty days after the mailing to [the claimant] of notice of [the Commissioner's final decision] *or within such further time as the Commissioner of Social Security may allow*") (emphasis added). Dismissal without prejudice leaves open the possibility that plaintiff may file a new civil action if he obtains from the Commissioner "such further time" to do so. Although Plaintiff has not sought here to demonstrate good cause for his failure to comply with the Court's orders, such a showing may persuade the Commissioner to exercise her authority to allow Plaintiff additional time to file a civil action.

lesser sanctions that would suffice.  The purpose of the Magistrate Judge's procedural order was to expedite review of this Social Security appeal by, *inter alia*, requiring Plaintiff to identify the specific issues providing a basis for relief.  (Doc. # 3, ¶ 2.)  The order further required that Plaintiff identify the specific portions of the administrative transcript that support Paintiff's claims, contentions, or arguments.  (Doc. # 3, ¶ 5,)  The Commissioner is required to respond directly to the issues specifically raised in the Plaintiff's brief.  (Doc. # 3, ¶ 3.)   As a result of Plaintiff's failure to file a brief, neither the decision of the Commissioner nor the record of the administrative proceedings are of record in this Court. The Court declines to require the Commissioner to now file the administrative record so that the Court and the Commissioner may proceed further in this action without Plaintiff's participation.  Allowing this action to go forward without Plaintiff's allegations of error would prejudice the Commissioner's defense, as it precludes the Commissioner from formulating tailored arguments in support of her final decision.  It would also hamper the Court's ability to provide a focused review of the decision below.   The Court declines to impose financial sanctions in view of Plaintiff's poverty, as evidenced by his petition to proceed *in forma pauperis*.  (Doc. # 2.)  Because Plaintiff has failed to advise the Court of his whereabouts, the Court has no reason to believe that Plaintiff will either receive notice of or comply with any further orders this Court may enter imposing any lesser sanction. Thus, any lesser sanction would not obtain Plaintiff's compliance with the Court's orders. Under these circumstances, dismissal without prejudice is appropriate. *See Ramsay v. Bailey*,

531 F.2d 706, 707 (5th Cir. 1976)[2] (court's inherent power to dismiss for want of prosecution may be exercised *sua sponte* "whenever necessary to 'achieve the orderly and expeditious disposition of cases'") (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630 (1962)).

## CONCLUSION

Plaintiff has twice failed to follow the directives of this Court, demonstrating a clear pattern of delay or willful contempt. For the reasons set forth above, no lesser sanction than dismissal without prejudice will suffice to obtain Plaintiff's compliance with the Court's orders. Accordingly, pursuant to its inherent authority and Rule 41(b) of the Federal Rules of Civil Procedure, the Court will enter judgment dismissing this action without prejudice due to Plaintiff's failure to prosecute it.[3]

DONE this the 20th day of March, 2014.

_____
/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE

---

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

[3] *See Enix v. Commissioner of Social Sec.*, 461 Fed. App'x 861 (11th Cir. 2012) (affirming district court's dismissal of a Social Security appeal due to plaintiff's failure to file a brief challenging the ALJ's decision despite two orders to do so; on appeal, plaintiff did not argue that the dismissal on the basis of her failure to prosecute was erroneous); *see also Shields v. Commissioner of Social Sec.*, 474 Fed. App'x 857 (3rd Cir. 2012) (affirming dismissal of Social Security appeal for failure to prosecute); *Tripp v. Commissioner of Social Sec. Admin.*, 471 Fed. App'x 631 (9th Cir. 2012) (affirming dismissal for failure to prosecute and failure to comply with court orders); *Johnson v. Astrue*, 325 Fed. App'x 233 (4th Cir. 2009) (affirming dismissal of complaint pursuant to Rule 41(b) for failure to prosecute); *Ortega v. Apfel*, 5 Fed. App'x 96 (2nd Cir. 2001) (same).